IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ERIKA D. BALLOU, DISTRICT JUDGE,
Respondents,
and
TERRENIE D. MCDOWELL,
Real Party in Interest.

No. 83515

FILED

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original writ petition for a writ of mandamus or, in the alternative, prohibition challenging an order granting a return of property motion in a criminal case.[1] After engaging in a discussion with an undercover officer at the airport, real party in interest Terrenie D. McDowell was arrested and charged with pandering.[2] During the arrest, petitioner the Las Vegas Metropolitan Police Department, seized approximately $12,000 in cash from McDowell. After McDowell pleaded guilty to attempted pandering, he moved for the return of the money. Before the district court resolved that motion, LVMPD filed a civil forfeiture action as to the money. The district court granted McDowell's motion despite the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this matter.

[2]See NRS 201.300(1) (providing that pandering occurs when a person, without physical threat, "induces an adult to unlawfully become a prostitute or to continue to engage in prostitution").

22-13653

pending forfeiture action, and LVMPD challenges that decision via this writ petition. Because it does not appear that LVMPD has an adequate and speedy remedy, we choose to entertain its petition. *See D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474, 168 P.3d 731, 736 (2007). However, for the reasons stated below, we deny LVMPD's requested relief.

Under NRS 179.085(1)(e), a party "aggrieved by . . . the deprivation of property may move the court having jurisdiction where the property was seized for the return of the property on the ground that . . . [r]etention of the property by law enforcement is not reasonable under the totality of the circumstances."[3] The statute contemplates that such motions will generally be filed within a criminal proceeding. NRS 179.085(5) ("If a motion pursuant to this section is filed when no criminal proceeding is pending, the motion must be treated as a civil complaint seeking equitable relief.").

We see no manifest abuse of discretion or error of law in the district court's decision that would warrant writ relief. *See Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 679-81, 476 P.3d 1194, 1196-97 (2020) (discussing that a petitioner must show a legal right to the relief sought or that the district court "*manifestly*" abused its discretion for writ relief to be warranted). It is not an abuse of discretion to conclude that LVMPD's retention of the money under the circumstances was unreasonable because it was unrelated to the pandering charge—McDowell did not pay the money to the undercover cop, attempt to purchase anything

---

[3]As the district court has jurisdiction to resolve such motions, we decline to issue a writ of prohibition. *See* NRS 34.320 (providing that a writ of prohibition is appropriate when a district court acts in excess of its jurisdiction).

 

for her with the money, or take the money from her. Moreover, LVMPD does not assert that the money retains any evidentiary value in the criminal case. Although the money is the subject of LVMPD's separate civil forfeiture action, the district court was aware of that when making its "totality of the circumstances" decision under NRS 179.085(1)(e), and the district court's decision does not prevent LVMPD from proceeding in the forfeiture case. In light of the foregoing, we

ORDER the petition DENIED.[4]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Cadish                                Gibbons

cc:     Hon. Erika D. Ballou, District Judge
        Liesl K. Freedman
        S. Scott Greenberg
        Clark County Public Defender
        Federal Public Defender/Las Vegas
        Eighth District Court Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

We lift the stay previously imposed on September 30, 2021.

SUPREME COURT
OF
NEVADA

(O) 1947A